**Elena FERGUSON–BUDESCU,**
**Petitioner,**

v.

**Alberto R. GONZALES, Attorney**
**General, Respondent.**

**No. 04–75508.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 15, 2006.*

Decided May 22, 2006.

Veronica Burris Valentine, Esq., Las Vegas, NV, for Petitioner.

District Counsel, Office of the District Counsel Department of Homeland Security, Las Vegas, NV, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, Melissa Neiman–Kelting, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Elena Ferguson–Budescu, a native and citizen of Romania, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing her appeal from an immigration judge's ("IJ") decision terminating her conditional permanent residency. The IJ concluded that Ferguson–Budescu's petition for a waiver of the requirement that she and her former husband, Michael Brennan, file a joint petition for removal of the condition on her permanent residence was properly denied, on the ground that she did not establish that they had entered into their marriage in good faith. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Damon v. Ashcroft*, 360 F.3d 1084, 1088 (9th Cir.2004), and we deny the petition for review.

The record indicates that Ferguson–Budescu failed to produce any documentary evidence regarding the bona fides of her marriage to Brennan, and failed to explain why she did not attempt to obtain documents or other evidence regarding the marriage. Ferguson–Budescu produced only one witness who testified vaguely about the marriage, and her own testimony revealed that she had little knowledge about her first husband or the five months they allegedly spent together. Substantial evidence therefore supports the BIA's conclusion that Ferguson–Budescu failed to establish that she and her first husband "intended to establish a life together at the time they were married." *Id.*

We deny Ferguson–Budescu's request to remand so that the agency may consider an additional item of evidence.

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.